MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merdell Smith, | No. CV 07-1353-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| James Arnold, et al., | |
| Defendants. | |

Plaintiff, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  He has paid the $350.00 filing fee.  The Court will order Defendants Arnold, Marsh, Carlson, and Scott to answer Counts One and Two of the Complaint and will dismiss Count Three and Defendant Stewart without prejudice.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

TERMPSREF

1

### III.    Complaint

2      In his three-count Complaint, Plaintiff sues the following employees of the Arizona

3  Department of Corrections (ADOC) who worked at the Arizona State Prison Complex-

4  Eyman: Deputy Warden James Arnold, Complex Deputy Warden Robert Stewart, Assistant

5  Deputy Warden Marsh, Special Security Unit Sergeant Carlson, and Special Security Unit

6  Lieutenant Scott.

7      Plaintiff asserts that he was moved from general population to the Violence Control

8  Unit (VCU) on April 27, 2007.  As a result of the move, he lost privileges including access

9  to a television, a radio/cassette player, headphones, a fan, an electric shaver, musical and

10  correspondence tapes, telephone calls, full canteen, and the ability to participate in "fund

11  raisers."  Plaintiff alleges that, under ADOC disciplinary policy, these privileges can only be

12  revoked after advanced notice of charges, the opportunity to present witnesses and evidence,

13  and a written statement by the factfinders of the evidence upon which they relied and the

14  reasons for the action. He also states that ADOC policies only provide for 15 days'

15  disciplinary detention and a 30-day loss of privileges.

16      Plaintiff describes the conditions in his VCU cell as having restricted air flow and

17  "soar[ing]" temperatures, with the only vent blowing hot, fetid air into the cell.  He further

18  alleges that diesel fumes were vented into the cell, which caused him nausea, dizziness, chest

19  pains, and continuous migraines.  Plaintiff asserts that conditions of confinement in VCU

20  subject him to an "atypical and significant hardship."

21      In Count One, Plaintiff claims he was moved to VCU and his privileges were revoked

22  without any due process.  He asserts that the VCU Committee, of which Defendants Arnold,

23  Marsh, Scott, and Carlson are members, has its own policy, practice or custom of "sentencing

24  prisoners to VCU with time . . . lengths from 90-180 days, which is . . . greater than the

25  maximum allowable sanction provided by AD[O]C Policy."  Plaintiff alleges that his

26  placement in VCU and "resentencing monthly to remain in VCU" are non-grievable and that

27  the VCU Committee "has sentenced [him] to an unspecified number of months and possibly

28  an indefinite term in VCU absent due process."

1  In Count Two, Plaintiff alleges that Defendants Scott, Marsh, Arnold, and Carlson are
2  members of the VCU Committee and have violated procedural due process by enforcing their
3  own policies, practices, or customs of confining inmates in VCU for 90 to 180 days without
4  procedural due process and in violation of the ADOC inmate disciplinary system.  Plaintiff
5  alleges that the VCU Committee meets weekly or monthly to decide which inmates should
6  remain in VCU and that inmates are not provided written notice, are not permitted to address
7  the committee, and are not permitted to defend themselves or present exculpatory evidence
8  to the VCU Committee.

9  In Count Three, Plaintiff contends that the "promulgated inmate discipline system
10  policy . . . has the force of law" and that Defendants Arnold, Carlson, Marsh, Scott, and
11  Stewart use their own policies, practices, and customs in order to knowingly circumvent
12  ADOC policy.

13  Plaintiff seeks declaratory relief and monetary damages.

14  **III.    Failure to State a Claim**

15  To state a claim under § 1983, a plaintiff must allege (1) that the conduct about which
16  he complains was committed by a person acting under the color of state law and (2) that the
17  conduct deprived the plaintiff of a federal constitutional or statutory right.  Wood v.
18  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he
19  suffered a specific injury as a result of the conduct of a particular defendant and he must
20  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.
21  Goode, 423 U.S. 362, 371-72, 377 (1976).

22  In Count Three, Plaintiff merely asserts that Defendants' practices willfully disregard,
23  violate, and circumvent ADOC policies and that they lack the authority to do so.  These
24  allegations do not state a claim for a violation of Plaintiff's constitutional rights.  The Court
25  therefore will dismiss Count Three.  Because Defendant Stewart is only named in Count
26  Three, the Court will also dismiss Defendant Stewart.

27  . . . .

28  . . . .

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated claims against Defendants Arnold, Marsh, Carlson, and Scott in Counts One and Two.  The Court will require Defendants Arnold, Marsh, Carlson, and Scott to answer Counts One and Two.

**V.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count Three and Defendant Stewart are **dismissed** without prejudice.

(2)     Defendants Arnold, Marsh, Carlson, and Scott must answer Counts One and Two.

(3)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Arnold, Marsh, Carlson, and Scott.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

1    (8) **A Defendant who agrees to waive service of the Summons and Complaint**

2 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

3    (9) Defendants Arnold, Marsh, Carlson, and Scott must answer the Complaint or

4 otherwise respond by appropriate motion within the time provided by the applicable

5 provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

6    (10) Any answer or response must state the specific Defendant by name on whose

7 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

8 does not identify the specific Defendant by name on whose behalf it is filed.

9    (11) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

10 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

11    DATED this 7th day of August, 2007.

_____
David G. Campbell
United States District Judge